IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PRETIA A. ROZIER,

    Plaintiff,

vs.                                     Case No. 4:13cv145-MW/CAS

BETTY DAVIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is pro se in this litigation, has filed an amended civil rights complaint. Doc. 7. Plaintiff's amended complaint names only one Defendant on page one of the complaint form, but three Defendants on page two. Doc. 7. That deficiency does not hinder review of the amended complaint, nor does the fact that Plaintiff did not use short, numbered paragraphs in stating the facts of her case.

Each of the three Defendants appear to be persons associated with Casa Calderon Apartments where Plaintiff resides. Doc. 7. Plaintiff contends that each of the Defendants have made threats and reported "erroneous statements" about Plaintiff. Plaintiff contends that Defendants Davis and Ceasar reported to the Department of Children and Family Services that Plaintiff was trafficking out of her house and had "a

lot of traffic in [her] house." Doc. 7. Plaintiff contends that her father's truck was wrongfully towed from the apartment complex, and that Defendant Lewis would not allow Plaintiff's mother to be added to Plaintiff's lease. *Id.* Plaintiff also claimed that she was served with an eviction notice back in February 2013. *Id.* Plaintiff alleges that it was wrongfully reported that her parents were exploiting her. *Id.*

None of Plaintiff's factual allegations demonstrate that her constitutional rights have been violated or that she has suffered any demonstrable harm. While Plaintiff's amended complaint generally alleges Plaintiff has been harassed or feels harassed, that is not sufficient to state a claim. Moreover, Plaintiff has not demonstrated that she can pursue a claim against any of the named Defendants because none are "state actors." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff has not shown that any Defendant deprived her of a right secured under the Constitution or federal law, nor has Plaintiff shown that any Defendant was action "under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998), *quoted in* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). These Defendants all appear to be private persons.[1]

---

[1] A private person may be considered a state actor if (1) the state "coerced or at least significantly encouraged" the allegedly unconstitutional action ("State compulsion test"); (2) the private party performed an act traditionally performed by a state official ("public function test"), or (3) the State was a joint participant in the act ("nexus/joint action test"). Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001), *citing* NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988). A private party may also be considered a state actor if he conspired with state officials to commit the alleged constitutional violation. Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). There are no allegations of such

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2013.

  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

a conspiracy and, as written, Plaintiff's amended complaint is insufficient to present a viable claim under § 1983.

Case No. 4:13cv145-MW/CAS